UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION<br>NO. 23-cv-2864 |
| v. | DISTRICT JUDGE |
| HOOTERS OF LOUISIANA, LLC,<br>BLUE SKY MANAGEMENT COMPANY, LLC, AND<br>GIBSON, GRECO, AND WOOD, LTD. | MAGISTRATE JUDGE<br><br>JURY DEMAND |

## COMPLAINT

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation for protected activity and to provide appropriate relief to Destiny McKay, Brittany Murray-Piper, and a group of other Black servers, hostesses, and bartenders who worked at Defendants' restaurant located in Metairie, Louisiana between 2017 and 2020.

JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the

United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.  Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Hooters of Louisiana, LLC, Blue Sky Management Company, LLC, and Gibson, Greco, and Wood, Ltd. (collectively, "Defendants") were entities doing business in the State of Louisiana and continuously had at least 15 employees.

5.  At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.  More than 30 days prior to the institution of this action, Ms. McKay and Ms. Murray-Piper filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by Defendants.

7.  On or about July 8, 2022, the Commission issued to Defendants a letter of determination ("determination") finding reasonable cause to believe that Defendants had violated Title VII and inviting them to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendants to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about August 22, 2022, the Commission issued to Defendants a notice of conciliation failure, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF FACTS

11. Defendant Gibson, Greco, and Wood, Ltd. holds a franchisee license to operate restaurants under the "Hooters" brand in Louisiana, which it operates through Hooters of Louisiana, LLC and other LLC entities, including Blue Sky Management Company, LLC.

12. Blue Sky Management Company, LLC operates the Hooters restaurant located at 4748 Veterans Boulevard in Metairie, Louisiana.

13. Defendants Gibson, Greco, and Wood, Ltd., Hooters of Louisiana, LLC, and Blue Sky Management Company, LLC operate as a single integrated enterprise.

14. From at least 2017 and lasting until at least March 2020, the general manager at Defendants' Metairie restaurant, and other employees of Defendants, subjected Black servers, hostesses, and bartenders to frequent demeaning and offensive remarks based on race.

15. The race-based remarks were severe and pervasive and constituted race-based harassment that altered the terms and conditions of employment for Black employees.

16. In March 2020, Defendants, through the same general manager referenced above, laid off all but seven employees at the Metairie restaurant.

17. Ms. McKay, Ms. Piper-Murray, and five other Black employees were laid off from employment at the restaurant in March 2020. Defendants retained no Black employees, and one or more of the retained employees had less seniority and experience than one or more of the laid-off Black employees.

18. On or about May 2020, Defendants, through the same general manager referenced above, began to recall laid-off employees to return to work and hire new employees.

19. As of June 11, 2020, Defendants recalled seventeen employees and hired two new employees. None of the recalled employees or new hires were Black.

20. As of June 11, 2020, the Metairie restaurant had retained, recalled, or hired a total of 26 employees, none of whom was Black.

21. From about June 5 to June 11, 2020, Ms. McKay, Ms. Murray-Piper, and other Black employees of the Metairie restaurant filed complaints with corporate management, through a Hooters hotline, about the race-based harassment by the general manager and the discriminatory recall and hiring practices.

22. Managers of Defendants Gibson, Greco, and Wood, Ltd., Hooters of Louisiana, LLC, and Blue Sky Management Company, LLC, and the general

manager and other managers at the Metairie restaurant were made aware of the complaints.

23. Defendants did not rehire Ms. McKay, Ms. Murray-Piper, or any other Black employees who had been laid off in March 2020.

24. Defendants failed to rehire Ms. McKay, Ms. Murray-Piper, and other laid-off Black employees because of their race.

25. Defendants failed to rehire Ms. McKay, Ms. Murray-Piper, and other laid-off Black employees in retaliation for engaging in activity protected by Title VII, including their complaints about discriminatory practices occurring at the Metairie restaurant.

## STATEMENT OF CLAIMS

26. Since at least 2017, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a). In particular, Defendants subjected Ms. McKay, Ms. Murray-Piper, and other Black servers, hostesses, and bartenders at the Metairie "Hooters" restaurant to a hostile work environment based on race by allowing the restaurant's general manager, among other employees, to make frequent demeaning and offensive race-based verbal remarks targeted to the restaurant's Black employees.

27. Ms. McKay, Ms. Murray-Piper, and other Black employees reported the race-based harassment to corporate management, which took no action in response — other than the retaliatory action of refusing to rehire the group of aggrieved Black employees.

28. Defendants did not take adequate action to prevent the harassment.

29. Defendants failed to take prompt, remedial action after becoming aware of the harassment.

30. Since at least 2020, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a). In particular, Defendants discharged and/or failed or refused to hire Ms. McKay, Ms. Murray-Piper, and other Black servers, hostesses, and bartenders employed at the Metairie "Hooters" restaurant because of their race.

31. Since at least 2020, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-3(a). In particular, Defendants failed or refused to rehire Ms. McKay, Ms. Murray-Piper, and other Black servers, hostesses, and bartenders employed at the Metairie "Hooters" restaurant in retaliation for complaining about race-based harassment and race-based discriminatory hiring and recall practices, thereby opposing and resisting the unlawful hostile work environment and discriminatory hiring and recall practices.

32. The effect of Defendants' unlawful employment practices complained of above has been to deprive Ms. McKay, Ms. Murray-Piper, and a group of other Black servers, hostesses, and bartenders employed at the Metairie "Hooters" restaurant of equal employment opportunities and otherwise adversely affect their status as an employee because of race, and because they engaged in protected activity, in violation of Title VII.

33. The unlawful employment practices complained of above were intentional.

34. Defendants acted with malice and/or reckless indifference to the federally protected rights of Ms. McKay, Ms. Murray-Piper, and other Black servers, hostesses, and bartenders employed at the Metairie "Hooters" restaurant when it engaged in the unlawful employment practices complained of above.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against applicants or employees because of race.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for applicants and employees who are Black and that eradicate the effects of past and present unlawful employment practices.

C. Order Defendants to make Ms. McKay, Ms. Murray-Piper, and other Black employees at the Metairie "Hooters" restaurant whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to reinstatement and/or front pay.

D. Order Defendants to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

E. Order Defendants to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

F. Order Defendants to make Ms. McKay, Ms. Murray-Piper, and other Black employees at the Metairie "Hooters" restaurant whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

G. Order Defendants to make Ms. McKay, Ms. Murray-Piper, and other Black employees at the Metairie "Hooters" restaurant whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H. Order Defendants to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission

/s/  *Peter Theis*
**Peter Theis (lead)**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: peter.theis@eeoc.gov
Louisiana Bar No. 34786


**Andrew B. Kingsley**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661

Email: andrew.kingsley@eeoc.gov
Louisiana Bar No. 35865

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Email: elizabeth.owen@eeoc.gov
Louisiana Bar No. 33620

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

ANDREW E. RAVAGLIA, JR.
4317-A BLUEBONNET BLVD
BATON ROUGE, LA 70809